UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:21-CR-00119 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **JAMES PATTERSON**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Plea of Guilty. The defendant agrees to plead guilty to Count 2 of the indictment, which is charged as Title 21, United States Code, Section 841(a), Distribution of a Controlled Substance. The maximum penalty for Count 2 is imprisonment for a period of 20 years, a fine of $1 million, a maximum term of supervised release of life, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of

imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offenses charged in the Indictment. The defendant agrees that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered, or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court. The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2

2.  <u>Dismissal of Counts</u>. At the time of sentencing on Count 2 of the Indictment described above, the United States agrees to move for dismissal of Counts 1, 3, 4, and 5 of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court. The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

3.  <u>Term of Supervised Release</u>. The defendant understands that the Court must impose at least a three-year term of supervised

3

release in addition to any term of imprisonment, fine or assessment involving this violation of the Controlled Substances Act. The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4.   <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B.   <u>Fines and Assessments</u>

5.   <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6.   <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of

this Plea Agreement and may result in further prosecution, the
filing of additional criminal charges, or a contempt citation.

9. <u>Collection of Financial Obligations</u>. In order to facilitate the
collection of financial obligations imposed in connection with
this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an
      interest or over which the defendant has control, directly or
      indirectly, including those held by a spouse, nominee, or
      other third party;

   b. to submit to interviews by the Government regarding the
      defendant's financial status;

   c. to submit a complete, accurate, and truthful financial
      statement, on the form provided by the Government, to the
      United States Attorney's Office no later than 14 days
      following entry of the guilty plea;

   d. whether represented by counsel or not, to consent to contact
      by and communication with the Government, and to waive
      any prohibition against communication with a represented

party by the Government regarding the defendant's
financial status;

e.   to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

## C.   Sentencing Guidelines Calculation

10. Determination of Sentencing Guidelines.  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.
The defendant understands that the Sentencing Guidelines are
advisory and not binding on the Court.  The defendant further
agrees that any legal and factual issues relating to the

8

application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

11. Acceptance of Responsibility– Two/Three Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

## D. **Sentencing Recommendation**

12. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

    a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

    b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.  The defendant pays any fine imposed in accordance with a schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

14.  Forfeiture of Firearms Possessed in Connection With the Offense. The United States and the defendant hereby agree that the Taurus PT 145 Millennium PRO, .45 caliber pistol bearing serial number NBY46175 and ammunition, and the Taurus PT 745C Millennium PRO, .45 caliber pistol bearing serial number NYC73825 and ammunition, which are firearms and

12

ammunition as defined in Title 18 United States Code,

Section 921, seized during the investigation and currently in the

custody and control of the Harrisburg Police Department, were

properly seized and was possessed, involved in, or used in a

violation of Title 21, United States Code, Section 841(a)(1), to

which the defendant is pleading guilty. The defendant agrees

that the firearms are subject to forfeiture to the United States

pursuant to Title 21 United States Code, Section 853. The

defendant hereby relinquishes to the United States any claim,

title and interest the defendant has in said firearms and

ammunition. The defendant agrees to withdraw any claim made

in any civil, administrative, or judicial forfeiture brought

against said firearms, and further agrees not to oppose any civil,

administrative, or judicial forfeiture of said firearms.

**F.**  **Information Provided to Court and Probation Office**

15.  Background Information for Probation Office.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in
this or other offenses.

16. <u>Objections to Pre-Sentence Report</u>. The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania's "Policy for Guideline Sentencing,"
both the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, applicable Sentencing
Guidelines ranges, and policy statements contained in or
omitted from the report. The defendant agrees to meet with the
United States at least five days prior to sentencing in a good
faith attempt to resolve any substantive differences. If any
issues remain unresolved, they shall be communicated to the
Probation Officer for inclusion in an addendum to the pre-
sentence report. The defendant agrees that unresolved
substantive objections will be decided by the Court after

14

briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under FED. R. EVID. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

17. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

15

18. <u>Non-Limitation on Government's Response</u>.  Nothing in this

Agreement shall restrict or limit the nature or content of the

United States' motions or responses to any motions filed on

behalf of the defendant.  Nor does this Agreement in any way

restrict the Government in responding to any request by the

Court for briefing, argument or presentation of evidence

regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for

information concerning possible sentencing departures.

G. **<u>Court Not Bound by Plea Agreement</u>**

19. <u>Court Not Bound by Terms</u>.  The defendant understands that

the Court is not a party to and is not bound by this Agreement,

or by any recommendations made by the parties.  Thus, the

Court is free to impose upon the defendant any sentence up to

and including the maximum sentence of imprisonment for 20

years, a fine of $1 million, a maximum term of supervised

release of up to life, which shall be served at the conclusion of

and in addition to any term of imprisonment, the costs of

16

prosecution, denial of certain federal benefits, and assessments
totaling $100.

20. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any guilty plea should the Court decline
to follow any recommendations by any of the parties to this
Agreement.

## H. **Breach of Plea Agreement by Defendant**

21. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the

defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

22. Remedies for Breach.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

18

d.  The United States will be free to bring any other charges it

has against the defendant, including any charges originally

brought against the defendant or which may have been

under investigation at the time of the plea.  The defendant

waives and hereby agrees not to raise any defense to the

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

23. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing.  The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

I.   **Deportation**

24. Deportation/Removal from the United States. The defendant understands that, if the defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

## J.  Other Provisions

25. Defendant is Satisfied with Assistance of Counsel. The
    defendant agrees that the defendant has discussed this case and
    this Agreement in detail with the defendant's attorney, who has
    advised the defendant of the defendant's Constitutional and
    other trial and appellate rights, the nature of the charges, the
    elements of the offenses the United States would have to prove
    at trial, the evidence the United States would present at such
    trial, possible defenses, the advisory Sentencing Guidelines and
    other aspects of sentencing, potential losses of civil rights and
    privileges, and other potential consequences of pleading guilty
    in this case. The defendant agrees that the defendant is
    satisfied with the legal services and advice provided to the
    defendant by the defendant's attorney.

26. Deadline for Acceptance of Plea Agreement.  The original of this
    Agreement must be signed by the defendant and defense
    counsel and received by the United States Attorney's Office on

Aug 4

or before 5:00 p.m., ~~July 6~~, 2023, otherwise the offer may, in the

sole discretion of the Government, be deemed withdrawn.

27. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it
with my attorney.  I fully understand it and I voluntarily agree to it.

_____
Date

_____
JAMES PATTERSON
Defendant


I am the defendant's counsel.  I have carefully reviewed every part
of this agreement with the defendant.  To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

_____
Date

_____
JASON ASBELL
Counsel for Defendant

22

GERARD M. KARAM
United States Attorney

8/7/2023
Date

By: _____
ERIN VARLEY
Special Assistant United States
Attorney

SAUSA/ErinVarley/2020R00574/June 28, 2023
VERSION DATE:  March 8, 2021

23