## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:21-CR-119 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| JAMES PATTERSON | : | |
| Defendant | : | Electronically Filed |

### SENTENCING MEMORANDUM

## I.  INTRODUCTION AND PROCEDURAL HISTORY

Mr. Patterson was arrested on October 19, 2019.  He has been incarcerated at the Dauphin County Prison since then.  He pled guilty to distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) on August 23, 2023.  His sentencing is scheduled for March 26, 2024.

Mr. Patterson's Guideline range varies dramatically depending on whether he is categorized as a Career Offender.  If he is, then the Guideline range is 151-188 months.  If he is not, then the Guideline range is 33-41 months, meaning that he has already served over a year more than the top end of the Guidelines.

Mr. Patterson should not be categorized as a Career Offender because he does not have the necessary predicate convictions.  If he is categorized as a Career Offender, then a downward variance is appropriate.

## II. CALCULATION OF THE GUIDELINES RANGE

The PSR designates Mr. Patterson as a Career Offender.  According to the PSR, the Guidelines range, after Acceptance, is 151-188 months.

### A. Objections to the Presentence Report

### 1.  Objection 1:  Career Offender (Paragraph 20)

The PSR designates Mr. Patterson as a Career Offender based on predicate convictions for Pennsylvania robbery (PSR ¶ 27) and possession with intent to deliver a controlled substance (PSR ¶ 29).  Neither conviction is a valid Career Offender predicate.

Mr. Patterson's robbery conviction is from 2007.  He committed the offense when he was 15 years old.   There is a discrepancy regarding the offense of conviction.  The Probation Office contends that Mr. Patterson's robbery conviction was for a violation of 18 Pa. C.S. §3701(a)(1)(iv).  (Doc. 138 at p. 1.)  The docket indicates that he was convicted of 18 Pa. C.S. § 3701(a)(i) (docket attached as Exhibit 1).  Neither subsection of robbery is a crime of violence under the Guidelines.

### a.  Neither is a crime of violence under the elements clause.

18 Pa. C.S. § 3701(a)(iv) is not a crime of violence under the elements clause of USSG § 4B1.2(a).  *United States v. Washington*, 2023 WL 128928 *6 (3d Cir. 2023) (holding that 18 Pa. C.S. § 3701(a)(1)(iv) "may be committed with a

mens rea of recklessness and does not constitute a 'crime of violence'").  Judge Conner applied *Washington* in *United States v. Copeland*, 2023 WL 8456128 (M.D. Pa. 2023), and held that subsection (a)(1)(iv) is not divisible and is not a crime of violence.  The Government concedes that 18 Pa. C.S. § 3701(a)(i) is not a crime of violence under the elements clause.  (Doc. 141 ¶ 5.)

18 Pa. C.S. § 3701(a)(i) states: "A person is guilty of robbery if, in the course of committing a theft, he: (1) inflicts serious bodily injury upon another . . . ."  18 Pa. C.S. § 3701(a)(i) can be committed recklessly and therefore is not a crime of violence.  *See Borden v. United States*, 141 S. Ct. 1817 (2021) (crimes that could be committed with a mens rea of recklessness do not qualify as violent felonies).  The Pennsylvania Supreme Court recently clarified that serious bodily injury can be committed recklessly.  *United States v. Harris*, 289 A. 3d 1060, 1077 ( Pa. 2023) ("As well, serious bodily injury may be caused by mere trickery . . . .").  *See also Com. v. Chavis*, 304 A. 3d 772, 772 (Pa. Super. 2023) ("The use of force was not an element in Appellant's Subsection 3701(a)(1)(i) charge of robbery"); *United States v. Ruffin*, 2024 WL 193922 (W.D. Pa. Jan. 18, 2024).  The Department of Justice concedes that 18 Pa. C.S. § 3701(a)(1)(i) can be committed recklessly and is not a predicate crime of violence.  *See United States v. Harris*, No. 17-1861, ECF No. 239 at p. 2 (Government's Brief, attached here).  Accordingly, PSR ¶ 20 is not a crime of violence.

The Probation Office contends that this Court should not rely on the cases that Mr. Patterson cited because they are ACCA cases.  (Doc. 138 at p. 2.) However, the Third Circuit has instructed: "Because the elements clauses of ACCA's definition of 'violent felony' and the Sentencing Guidelines' definition of 'crime of violence' are interpreted consistently, we cite cases interpreting either." *United States v. Jenkins*, 68 F.4th 148, 151 n. 3 (3d Cir. 2023).

### b.  Neither is a crime of violence under the enumerated offense clause.

Moreover, Pennsylvania robbery, including 18 Pa. C.S. § 3701(a)(i) and 18 Pa. C.S. § 3701(a)(1)(iv), is not a crime of violence under the enumerated clause. An offense is a crime of violence under the enumerated clause of USSG § 4B1.2(a)(2) if its elements match or are narrower than those of the "generic" offense.  *Descamps v. United States*, 570 U.S. 254, 257 (2013).  Section 3701(a)(1)(i) and (iv) sweep more broadly than generic robbery in three aspects. First, the mens rea for 18 Pa. C.S. § 3701(a)(i) is recklessness.  Second, 18 Pa. C.S. § 3701(a)(i) and (iv) do not require that a defendant who commits a theft take from the person or presence of another.  *See Commonwealth v. Kesting*, 417 A. 2d 1262, 1269 (Pa. Super. 1979) (robbery does not require "exact contemporaneity of the assault and the intent to steal").  Third, 18 Pa. C.S. § 3701(a)(i) does not require a defendant to commit a theft by the use or threat of force – force may come instead in the course of flight, and even after surrender of the stolen property.  *See*

*Commonwealth v. Maldonado*, 494 A. 2d 402, 409 (Pa. Super. 1985);

*Commonwealth v. Steward*, 762 A. 2d 721, 724 (Pa. Super. 2000).

These elements missing from Pennsylvania's offense are fundamental to robbery in its generic sense. *See United States v. Pereira-Gomez*, 903 F. 3d 155, 163 (2d Cir. 2018) (state offense lacking person-or-presence element exceeds scope of generic robbery); 77 C.J.S. Robbery § 13 (2022) ("[T[he taking must be accomplished either by force or intimidation, this element being the gist and distinguishing characteristic of the offense[.]").  Consistent with authorities like these, Pennsylvania's courts and courts of other jurisdictions have recognized the absence of the person-or-presence and taking-by-force elements to distinguish 3701 from generic robbery.  *See Maldonado*, 494 A. 2d at 408 (Section 3701 is "unusual" in making "classification of robbery depend in part on behavior after the theft might be said to be accomplished"); *People v. Halon*, 598 N.Y.S.2d 429, 430 (N.Y. Sup. Ct. 1993) (Section 3701's "course of committing a theft" element unusually broad in reaching "a larceny coupled with an unrelated act of menacing"); *United States v. Sumner*, 597 F. Supp. 3d 130, 144-48 (D.D.C. 2022).

Accordingly, Section 3701(a)(1)(i) is not an enumerated offense because it lacks any person-or-presence element and it reaches takings not accomplished by force.  It covers conduct outside the ambit of the generic offense.

*****

If Mr. Patterson's objection to the Career Offender designation is sustained, his Total Offense Level is 13 and his Criminal History Category is VI. The corresponding Guidelines range is 33-41 months.

### 2. Objection 3: sentence in PSR ¶ 5.

PSR ¶ 5 claims, "Swartz stated she observed Patterson with a gun previously when he forced her to have oral sex with him in exchange for drugs." Ms. Swartz purchased drugs from Mr. Patterson. Police performed a traffic stop on Ms. Swartz shortly thereafter, which is what led to this case.

Mr. Patterson that denies the incident in the above-quoted sentence occurred and requests that it be stricken from the PSR. This sentence has no impact on the Guidelines.

## III.   SENTENCE PURSUANT TO THE 3553(a) FACTORS

The § 3553(a) factors, specifically factors 1 and 2, suggest that if Mr. Patterson is found to be a Career Offender then a downward variance is appropriate.

### A. Factor 1:       The nature and circumstances of the offense and the history and characteristics of Mr. Patterson.

A Career Offender designation would dramatically increase Mr. Patterson's Guideline range from 33-41 months to 151-188 months – this is a **9 year** difference at the bottom end of the Guidelines. Mr. Patterson's offense level is so low (13) because the offense involved a small amount of drugs. The low drug

6

weight indicates that while the nature and circumstances of the offense were serious, they do not deserve 151-188 months in prison.  The Sentencing Commission has spoken to the nature and circumstances of a case like Mr. Patterson's and indicated that for someone with Mr. Patterson's criminal history, a 33-41 month sentence is appropriate.  In other words, the nature and circumstances of the offense warrant a downward variance.

Further, Mr. Patterson's personal history and characteristics also warrant a downward variance.  The robbery predicate conviction that supports the Career Offender designation is from nearly 20 years ago, when Mr. Patterson was 15 years old.  (PSR ¶ 28.)  While Mr. Patterson admittedly has a substantial criminal history, the serious criminal convictions that form the basis for his Career Offender designation are from a long time ago.  Mr. Patterson's Career Offender designation drastically escalates his Guidelines range even though it was essentially a juvenile offense.

Moreover, Mr. Patterson has made strides while in Dauphin County Prison to make changes.  He intends to work to support his kids, likely doing work in a warehouse, and has dreams of starting a vending machine business.  The business plan that Mr. Patterson formulated is attached as Exhibit 3.

Mr. Patterson's personal history and characteristics support a downward variance.

**B. Factor 2:** **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed treatment or training.**

A sentence below the Career Offender Guideline would be sufficient, but not greater than necessary, to meet the purposes of factor 2. As indicated above, the Guidelines otherwise recommend that for this offense 33-41 month sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

A sentence below the Career Offender Guideline would also afford adequate deterrence and protect the public. Mr. Patterson has already served 5 years in pretrial detention. Mr. Patterson was arrested on October 9, 2019 for this offense. (PSR ¶ 4.) His state case was continued routinely based on the representation that a federal indictment was imminent. However, he was not indicted until April 21, 2021. (PSR ¶ 1.) The cause of this substantial delay is unknown. However, it is unlikely that the Bureau of Prisons will credit Mr. Patterson for the 19 months that he spent in the Dauphin County Prison for this same incident.

Moreover, Mr. Patterson's time in custody will not end with this sentencing. Mr. Patterson is facing a parole revocation for approximately 60 months in two

state cases.  (PSR ¶¶ 29-30.)  The Court should take this additional punishment into account when formulating a sentence in this case.

Last, Mr. Patterson's 4 ½ years at the Dauphin County Prison have been severe punishment.  While the Dauphin County Prison has a reputation for having poor conditions, Mr. Patterson's pretrial detention there has been particularly horrible.  Mr. Patterson was among the inmates in the two segregation blocks in the basement whose electricity was cut off for more than two weeks late last year.  In that time, these inmates were in solitary confinement, in total darkness for 14 hours per day (a small ray of light came through during the daytime), and in cold conditions with just underwear, a t-shirt, and a blanket.  All of their reading materials were removed.  It was so dark that the inmates could not tell if they were eating food, roaches, rodents, or a combination of the three.  These conditions were discussed in the March 13, 2024 article in PennLive, "Dauphin County cut power to men in jail's hole for 2 weeks: 'Darkness creates depression'," by Joshua Vaughn.  A copy of the article is attached as Exhibit 4.

This severe punishment warrants a sentence below the Career Offender Guideline.

## IV.   CONCLUSION

Mr. Patterson respectfully requests a sentence of time served.  As he has served nearly 54 months, this sentence is below the Career Offender Guideline but

above the 33-41 month sentence that would otherwise be recommended by the

Guidelines.

Respectfully submitted,

Date: March 19, 2024

/s/ M. Jason Asbell
M. JASON ASBELL
Attorney ID# PA304884
2933 Lititz Pike
PO Box 5349
Lancaster, PA 17606
717-291-1700
jasbell@gkh.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, M. Jason Asbell, Esquire, do hereby certify that I served a copy of the

foregoing **Sentencing Memorandum** via email to the following:

Steven Dukes, Esquire
Assistant U.S. Attorney
Middle District of Pennsylvania
Suite 220
228 Walnut Street
PO Box 11754
Harrisburg, PA 17108-1754


Date: March 19, 2024                    */s/ M. Jason Asbell*
                                        M. JASON ASBELL
                                        Attorney ID# PA304884
                                        2933 Lititz Pike
                                        PO Box 5349
                                        Lancaster, PA 17606
                                        717-291-1700
                                        *jasbell@gkh.com*
                                        *Attorney for Defendant*

11